UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL H.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | CASE NO. 2:19-cv-02073-BAT<br><br>**ORDER AFFIRMING THE COMMISSIONER'S DECISION** |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erroneously discounted her testimony, incorrectly assessed her residual functional capacity ("RFC"), and consequently made erroneous findings in the later steps of the disability evaluation process. Dkt. 20 at 1. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 56 years old, has a high school diploma and previously worked as a casino dealer. Tr. 83. In April 2016, she applied for benefits, alleging disability as of April 4, 2016. Tr. 208-11. Her application was denied initially and on reconsideration. Tr. 114-16, 118-20. The ALJ conducted hearings in April and December 2018 (Tr. 38-93), and subsequently

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

found Plaintiff not disabled. Tr. 15-28. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff had the following severe impairments: history of breast cancer now in remission, diabetes mellitus, degenerative disc disease of the lumbar spine, obesity, shoulder impairment, fibromyalgia, and neuropathy.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**RFC:** Plaintiff can perform light work with additional limitations: she can frequently reach, handle, and finger. She can occasionally feel. She can occasionally balance, stoop, kneel, and crouch. She cannot climb or crawl. She should avoid exposure to extreme cold and heat. She should avoid exposure to vibrations, hazards, and heights.

**Step four:** Plaintiff could not perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 15-28.

## DISCUSSION

**A.    Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds her allegations of limitations caused by neuropathy and pain were not fully corroborated by the longitudinal treatment record and were inconsistent with her activities (specifically, engaging in self-care, traveling, living alone, shopping for groceries, playing video games, and crafting with paper). Tr. 22-25. The

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

ALJ's reasons to discount a claimant's subjective testimony must be clear and convincing, and supported by substantial evidence. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends the ALJ erred. Plaintiff first argues the ALJ erred in relying on her activities to discount her allegations by failing to reference "activities involving skills that could be transferred to the workplace." Dkt. 20 at 9. But the ALJ did not cite Plaintiff's activities as evidence of transferable work skills; the ALJ found Plaintiff's activities to be inconsistent with her allegations, which is a proper reason to rely on activities. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").  The ALJ reasonably found Plaintiff's ability to independently complete her activities of daily living, sitting for long periods while traveling, shop for groceries, play video games, and make crafts with paper are inconsistent with her testimony about her handling limitations due to neuropathy in her hands, her need to alternate sitting and standing, and her musculoskeletal pain. *See* Tr. 23-25.

Plaintiff also contends, contrary to the ALJ's findings, her allegations are substantiated by the medical evidence. Dkt. 20 at 5. However, Plaintiff fails to address the ALJ's specific findings. For example, the ALJ contrasted Plaintiff's testimony about neuropathy in her fingertips due to chemotherapy with her statement to providers that she could button her shirt and hold a coffee cup without problems. Tr. 23 (citing Tr. 311). The ALJ also pointed to other evidence showing Plaintiff reported only mild pain or fatigue (Tr. 23-24 (citing Tr. 394, 404)), and that there were many normal objective test results as to strength and range of motion (Tr. 24 (citing Tr. 752, 791, 802)). Plaintiff has not shown the ALJ made unreasonable findings in considering the extent to which her limitations were consistent with the objective medical

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

evidence, or in finding inconsistency and/or a lack of corroboration in this record. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Because the ALJ provided valid reasons to discount Plaintiff's subjective allegations supported by substantial evidence the Court affirms the ALJ's assessment of Plaintiff's testimony.

**B.      Residual Functional Capacity**

Plaintiff raises several challenges to the ALJ's assessment of the medical evidence and her RFC. First, Plaintiff argues the ALJ erred in failing to develop the record by obtaining a consultative examiner's opinion, because her treating providers did not provide an opinion. Dkt. 20 at 3-4. Plaintiff has the burden to produce evidence of her disability, however, and she has not shown that the record was so inadequate that the ALJ's duty to develop the record was triggered. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996))).

Furthermore, the ALJ did not err in relying on a State agency opinion in the context of the record as a whole. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Although the State agency consultant did not have access to the entire record at the time of his review, the ALJ considered his opinion in the context of the entire record (Tr. 25) and

1  Plaintiff has not shown the ALJ erred in finding that the consultant's opinion was consistent with

2  the treatment records.[3]

3  Plaintiff also argues the ALJ "completely ignored" her testimony regarding pain and

4  fatigue when determining her RFC.  Dkt. 20 at 4-5.  As discussed above, the ALJ provided valid

5  reasons to discount Plaintiff's subjective allegations, and the RFC assessment does include some

6  significant limitations.  Although Plaintiff suggests the evidence[4] could support even greater

7  limitations, she has not shown the ALJ erred in his assessment of the evidence.  *See Jamerson v.*

8  *Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is

9  substantial evidence that could support a finding of disability, but whether there is substantial

10 evidence to support the Commissioner's actual finding that claimant is not disabled.").

11 Plaintiff further argues the ALJ erred in assessing her fibromyalgia, because he found it

12 to be a severe impairment at step two (Tr. 18), but failed to properly consider the limiting effects

13 of that condition at subsequent steps in the decision.  Dkt. 10 at 7-8.  Plaintiff does not point to

14 any evidence the ALJ overlooked, however, and thus has failed to satisfy her burden to show

15 error in the ALJ's decision.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 692

16 n.2 (9th Cir. 2009) ("Valentine does not detail what other physical limitations follow from the

17 evidence of his knee and should[er] injuries, besides the limitations already listed in the RFC.

---

[3] Plaintiff disputes (Dkt. 20 at 3-4) the ALJ's claim to have provided "greater accommodation" than the State agency consultant (Tr. 25), but the ALJ's claim is accurate: the State agency consultant did not indicate any manipulative limitations (Tr. 110), but the ALJ limited Plaintiff to frequent reaching, handling, and fingering, and occasional feeling (Tr. 22).

[4] Plaintiff's discussion of the evidence references treating source opinions that the ALJ discounted (Dkt. 20 at 6), without addressing the ALJ's reasons for discounting them or showing those reasons to be erroneous.  *See* Tr. 25-26.  On reply, Plaintiff more explicitly argues that the ALJ erred in discounting the treating source opinions, but again does not address the ALJ's reasons for doing so and fails to provide any specific argument as to why the ALJ's reasons were erroneous.  *See* Dkt. 22 at 4.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

We reject any invitation to find that the ALJ failed to account for Valentine's injuries in some unspecified way.").

Lastly, Plaintiff contends the ALJ erred in failing to consider her chronic pain and fatigue when assessing her RFC. Dkt. 20 at 8-9. Plaintiff argues the ALJ erred in excluding her chronic pain and fatigue at step two and failing to consider those conditions at subsequent steps in the decision, because an RFC must account for limitations caused by non-severe impairments. *Id.* It is true an RFC must account for limitations caused by non-severe medically determinable impairments, but the ALJ here found that Plaintiff's chronic pain and fatigue were **not** medically determinable impairments. *See* Tr. 18-19. Furthermore, the ALJ discussed Plaintiff's allegations of pain and fatigue when assessing her testimony and the medical record (Tr. 22-25), and the ALJ explicitly found that even if he had included chronic pain as a medically determinable impairment, the RFC assessment would not have changed. *See* Tr. 18-19. Plaintiff has not shown that this finding is erroneous, and thus has failed to show error in this aspect of the ALJ's decision. Because Plaintiff has failed to show error in the ALJ's assessment of her testimony or the medical evidence, Plaintiff has not shown that the ALJ's step-five findings are erroneous. *See* Dkt. 20 at 14-15.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 11th day of December, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge